SAMUEL SMITH, ET AL., *v.* THOMAS R. HUTCHCRAFT'S TRUSTEE.

[Abstract Kentucky Law Reporter, Vol. 2—65.]

**Title by Purchase at Judicial Sale.**

> Setting aside a conveyance of real estate on the application of creditors does not affect the rights of the parties to the conveyance, and they hold subject to the claims of creditors, as if no such judgment had been rendered.

APPEAL FROM SCOTT CIRCUIT COURT.

December 18, 1880.

OPINION BY JUDGE PRYOR:

The only objection urged to the title of the land purchased by the appellant necessary to be considered arises from a construction of the conveyance made by Hutchcraft to Mrs. Rogers. The setting aside of that conveyance on the application of creditors did not affect the rights of the parties to that instrument, and they hold subject to the claims of creditors, as if no such judgment had been rendered. The grantor, Hutchcraft, it seems, had no family except a wife at the date of the conveyance to Mrs. Rogers; or if married

since, there was no one constituting his family then or since whom he was under any legal obligation to maintain except the wife. The word "family" used in the conveyance cannot well be applied to any other person, if any meaning is to be attached to the word as used in the conveyance. It is certain that if all those constituting his family united in the deed at the time it was executed, that is, the deed from Robert Hutchcraft and others to the appellant, it passed to him a perfect title, unless other defects exist not apparent on this record.

He had no children either at the date of the creation of the trust or when the deed was made to appellant; and the title being out of him by that conveyance, if he should have children they could not defeat the right of the purchaser. The original conveyance also provides that at the death of the grantor, Hutchcraft, the trust shall terminate and the estate pass to the heirs of the grantee. The heirs acquired no right by reason of the conveyance, but the estate, if undisposed of, would pass to them by inheritance, the effect of the deed being to terminate the entire trust at the death of the grantor and the estate to pass as if no conveyance had been made. The parties undertook to make to the appellant a good title, and the assignee and trustees having united in the conveyance, and Hutchcraft making a general warranty deed, the appellant was properly required to accept the conveyance. The covenant by Hutchcraft that he will warrant generally the title embraces all the land sold, and not merely Hutchcraft's interest.

The judgment below is therefore *affirmed*.

*George E. Prewitt, for appellant. W. S. Darnaby, for appellee.*